IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID DELGADO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PA, *et al.* | : | NO.  13-6485 |

**ORDER**

**AND NOW**, this 23rd day of September, 2015, upon careful and independent consideration of the full record, including Petitioner's *pro se*[1] Petition for Writ of Habeas Corpus Under 28 U.S.C.§ 2254 (ECF Document No. 1), all responses and replies thereto (Docs. 5, 8), the Report and Recommendation ("R&R") of United States Magistrate Judge M. Faith Angell (Doc. 9), Petitioner's objections to Judge Angell's R&R (Docs. 13, 25), and Respondents' response thereto (Doc. 26), for the reasons that follow, it is hereby **ORDERED** that: (1) Petitioner's Objections are **OVERRULED**; (2) Judge Angell's R&R is **APPROVED and ADOPTED**; (3) the habeas petition under § 2254 is **DISMISSED** as untimely; (4) a certificate of appealability shall not issue because a reasonable jurist could not conclude that the Court is incorrect in dismissing the petition as time-barred, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and (5) the Clerk shall mark this case **CLOSED**.

1.   Under 28 U.S.C. § 636(b)(1) and Local R. Civ. P. 72.1(IV)(b), the Court must make *de novo* determinations regarding those portions of the R&R to which there are objections; in providing for a "*de novo* determination," Congress intended to permit the Court to place "whatever reliance a district judge, in the exercise of sound judicial discretion" chose on a magistrate judge's proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S.

---

[1]   The Court appointed counsel for Petitioner, but pursuant to Petitioner's requests to proceed *pro se*, counsel subsequently withdrew her appearance.  *See* Docs. 23, 24; *see also* Pet.'s Br. (Doc. 25) at 1 (explaining his decision to proceed *pro se*).

667, 676 (1980). The court may accept, reject or modify, in whole or in part, any of the findings or recommendations in the R&R. *Id.* at 673-74. In this case, Judge Angell found that the habeas petition was untimely, that neither statutory nor equitable tolling was warranted, and that petitioner could not satisfy the actual innocence exception to the statute of limitations. The Court construes Petitioner's objections to challenge Judge Angell's findings that: (1) Petitioner is not entitled to a start date of September 26, 2013, for the statute of limitations period applicable to his claims, under 28 U.S.C. § 2244(d)(1)(D); (2) the "actual innocence" exception cannot be applied to overcome the untimeliness of his petition; and (3) having failed to exercise "reasonable diligence" in filing his petition, Petitioner is not entitled to equitable tolling of the habeas limitations period. The Court will address each objection in turn.

  2.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a 1-year limitations period for federal habeas corpus petitions. 28 U.S.C. § 2244(d). Generally, this 1-year period begins to run on the date a state court judgment becomes final, *see* § 2244(d)(1)(A), here, when Petitioner's time to seek direct review of his August 4, 2005, conviction expired 30 days later. However, AEDPA also provides for several alternative start dates for the statute of limitations period. 28 U.S.C. §§ 2244(d)(1)(B)-(D). Petitioner appears to argue that 28 U.S.C. § 2244(d)(1)(D) applies to his claims. This section provides for an alternative start date of "the date on which the factual predicate of the claim or claims presented could have been discovered *through the exercise of due diligence*," 28 U.S.C. § 2244(d)(1)(D) (emphasis added), and applies only where "vital facts" underlying the Petitioner's habeas claims "could not have been known" previously, *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) (citation and internal quotation marks omitted). Petitioner contends, and Respondent does not dispute, that details contained within the victim's autopsy report – specifically, that the victim's

cause of death was determined to be gunshot *and* sharp force injuries – were the "vital facts" underlying his habeas claims here.  Petitioner also alleges that he did not become aware of those facts until Robert Hicks from Legal Researcher Exhibit News provided him with a copy of the autopsy report on September 26, 2013.

3. There is no bright-line rule in the Third Circuit for what constitutes "due diligence" under Section 2244(d)(1)(D).  The Circuit has emphasized that although "[d]ue diligence does not require the maximum feasible diligence . . . it does require reasonable diligence in the circumstances."  *Schlueter*, 384 F.3d at 74 (citation and internal quotation marks omitted).  Whether a petitioner has exercised due diligence is a context-specific inquiry, though the test is an objective, not subjective one.  *Wilson v. Beard*, 426 F.3d 653, 661-62 (3d Cir. 2005); *Wood v. Spencer*, 487 F.3d 1, 5 (1st Cir. 2007).  Thus, a Court must focus on when the relevant "vital facts" *could* have been discovered with due diligence, not when those vital facts were *actually* discovered.  The ultimate question is "whether the petitioner should [have] be[en] expected to take actions which would [have] le[d] him to the information."  *Wilson*, 426 F.3d at 662.  Petitioner bears the burden of proving to the Court that he has exercised due diligence. *Santiago v. Barone*, 2010 WL 9047592, at *5 (E.D. Pa. Nov. 18, 2010), *R&R adopted*, 2012 WL 6151748 (E.D. Pa. Dec. 10, 2012).

4. The Court finds that Petitioner has failed to carry his burden to show that he exercised due diligence to discover the full contents of the autopsy report in question.  Petitioner maintains that certain information in the autopsy report was "hidden" from him "by either the ADA [] or counsel or both."  Pet.'s Br. (Doc. 25) at 11.  But critically, as Judge Angell pointed out, it was the Assistant District Attorney who referenced the autopsy report in open court during Petitioner's guilty plea colloquy in August 2005.  The full autopsy report was also a part of

Petitioner's state court record, attached to a motion *in limine* filed by the Assistant District Attorney.[2]  Thus, the report was a matter of public record to which Petitioner had full access. The Court acknowledges and appreciates that Petitioner has been incarcerated for many years, and that incarceration can pose obstacles for litigants.  *See Schlueter*, 384 F.3d at 75.  However, Petitioner has filed several petitions with the state court since his 2005 guilty plea.  Petitioner also sent correspondence to the state court, requesting information and records, on numerous occasions since 2005, to which the clerk of court responded.  Whatever challenges Petitioner may have faced as an incarcerated litigant, it does not appear, and Petitioner does not contend, that access to his own records was among them.

     5.     Petitioner avers generally that his efforts to discover the information contained in the autopsy report "ran into solid brick walls," but he offers no further detail whatsoever about any actions he took and the results of those actions.  *See* Pet.'s Br. (Doc. 25) at 11.  He does not allege that he made any attempts to ask his lawyer about the report, during the guilty plea hearing or any time in the many years since.  He does not allege that he attempted to reach the state court, his personal contacts, the media, prison officials, or anyone at all seeking the report or even information of a similar nature.  Instead, Petitioner insists that he was "diligent" in his efforts because he filed his petition less than one month after he *actually* learned of the contents of the autopsy report.  *See, e.g.*, Pet.'s Br. (Doc. 13) at 6.  But as noted above, the crucial question is *not* whether Petitioner exercised diligence *after* he actually discovered the relevant facts, but whether he exercised diligence in his efforts to discover those facts in the first place. At bottom, even if Petitioner's failure to ascertain the contents of the autopsy report *during* his plea hearing in August 2005 could be excused as reasonable under the circumstances,

---

[2]    The record reflects that the motion *in limine* was served on Petitioner's counsel prior to Petitioner's guilty plea hearing.

particularly given the Assistant District Attorney's incomplete representations about its contents, Petitioner simply has not demonstrated why, with due diligence, he could not have discovered the report in the over eight years that elapsed between his guilty plea and the date a reporter sent him a copy.  Therefore, the Court agrees that 28 U.S.C. § 2244(d)(1)(D) does not entitle Petitioner to a later start date, and Petitioner's objection is overruled.

6.	Petitioner also objects to Judge Angell's findings with regard to his actual innocence claim.  As Judge Angell pointed out, the Supreme Court held in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), that there is an equitable "miscarriage of justice" exception to the 1-year statute of limitations applicable to § 2254 petitions if there is a showing of actual innocence.  *Id.* at 1928.  "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural [or timeliness] bar to relief."  *Id.* at 1931.  For the miscarriage of justice exception to apply based on actual innocence, Petitioner must (1) "support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" and (2) "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Schlup v. Delpo*, 513 U.S. 298, 324-27 (1995) (emphasis added); *see also McQuiggin*, 133 S. Ct. at 1935.  As discussed above and as Judge Angell noted, the autopsy report was mentioned during Petitioner's guilty plea hearing.  Therefore, contrary to Petitioner's argument, the autopsy report and its findings regarding the victim's cause of death were not "new" evidence.  *See Johnson v. Medina,* 547 F. App'x 880, 885 (10th Cir. 2013) (noting that evidence that existed before petitioner's guilty plea was not "new evidence," even though petitioner claimed that his plea counsel failed to investigate and/or properly present it to or discuss it with him).

7. Nevertheless, even if the cause of death findings detailed in the autopsy report *could* be considered "new reliable evidence," this Court could not conclude that "no reasonable juror" would have convicted Petitioner in light of this evidence. First, Petitioner's guilty plea to the charge of murder severely undercuts his claim now that it was someone else who actually committed the murder.[3] *See, e.g.*, *Johnson*, 547 F. App'x at 885 (denying certificate of appealability and rejecting claim of actual innocence, finding petitioner's guilty plea to undermine any claim that another individual had committed the crime); *Goosby v. Trammell,* 515 F. App'x. 776, 777 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 1316 (2014) (denying certificate of appealability and rejecting actual innocence argument, stating "given [petitioner's] guilty plea and his failure to address other evidence that contributed to his plea, he fails to carry the heavy burden of showing it is more likely than not that no reasonable juror would have convicted him" (citation and internal quotation marks omitted)); *Chestang v. Sisto*, 522 F. App'x 389, 390 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 622 (2013) (rejecting actual innocence claim in part because petitioner had pled guilty to murders in question, while represented by counsel, and specifically pleaded guilty to shooting the gun, and noting that while those facts did "outright preclude" the petitioner from claiming actual innocence, they seriously undermined the notion that he sat idly by while others shot the victims).

8. Second, as Judge Angell explained, the fact that the victim died from both gunshot and sharp force injuries does not exonerate Petitioner and establish that someone *else* murdered the victim. The autopsy report does not conclusively establish that another person "struggled with the victim, stabbed the victim during the struggle and then shot the victim" as

---

3   The Court notes that in his guilty plea colloquy, Petitioner admitted to drawing his weapon, pointing it at the victim, and opening fire multiple times. *See* Pet.'s Guilty Plea and Sentence Hr'g Tr., 4:21-5:6, Aug. 4, 2005. Further, in his statement accompanying his request to enter a guilty plea, Petitioner listed the factual basis for his plea as: "Defendant did on June 24, 2001, with malice kill [victim]." Statement Accompanying Def.'s Request to Enter a Guilty Plea, Aug. 4, 2005, at 2.

Petitioner insists it does.  *See* Pet.'s Br. (Doc. 13) at 6.  Rather, it simply shows that someone stabbed the victim around the time of his death.  As Judge Angell concluded, this evidence is not sufficient to invoke the actual innocence exception to the statute of limitations outlined in *McQuiggin*; Petitioner's objection to Judge Angell's conclusion regarding Petitioner's actual innocence claim is overruled.

       9.      Finally, Petitioner may overcome AEDPA's 1-year statute of limitations if his petition is entitled to equitable tolling.   The Third Circuit has cautioned, however, that a court should apply equitable tolling "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."  *Schlueter*, 384 F.3d at 75-76 (citation and internal quotation marks omitted).  "A petitioner is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted).  It is Petitioner's burden to show that he acted with reasonable diligence for purposes of equitable tolling.  *See Schleuter*, 384 F.3d at 75-76.  For the reasons discussed above and noted in the R&R, Plaintiff has not demonstrated that he has exercised reasonable diligence in investigating and pursuing his claims.  Accordingly, equitable tolling does not apply here and Petitioner's objection is overruled.

      BY THE COURT:

      /s/ L. Felipe Restrepo

      _____
      L. FELIPE RESTREPO
      UNITED STATES DISTRICT JUDGE